IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERT POON,

      Plaintiff,                      No. CIV S-06-2582 FCD DAD P

      vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

      Defendants.             ORDER

_____/

      Plaintiff, a state prisoner proceeding pro se, has filed a complaint and supplemental pleadings, seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff has also filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28

1

U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, ___ U.S. ___,     , 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In his complaint, plaintiff has named as defendants the California Department of Corrections and Rehabilitation; Associate Warden C.D. Brown; Lt. G.B. Howerter; Lt. Robinson; K. Broadwater; K. Buckley; Sgt. Eric Da Rosa; Capt. C. Arthur; M.M. Lemus; Dr. Reinhart; Dr. Jason Rohrer; Dr. A. Traquina; J. Butler; Capt. C. Scavetta; S. Cervantes; Capt. R. Manuel; Capt.

3

Janet D. Peters; N. Grannis; Tom L. Carey; D.K. Sisto; Roderick Hickman; Jeannie Woodford; James Tilton; and DOES 1-10.  In his supplemental pleadings, plaintiff has named as additional defendants Correctional Officer Gonzales; Sgt. Velo; and Sgt. Cummins.  Plaintiff sues defendants in both their individual and official capacities for violating his rights under the Eighth and Fourteenth Amendments.

Upon preliminary review, the court finds that plaintiff's complaint and supplemental pleadings state cognizable claims for relief against a number of the named defendants.  However, plaintiff has failed to comply with Local Rule 15-220.  Under that rule, "[u]nless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by Court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading." E.D. Local Rule 15-220.  Plaintiff did not obtain prior approval from the court before filing his supplemental pleading and failed to file a pleading that is complete in itself.  Accordingly, plaintiff's complaint and supplemental pleadings will be dismissed and plaintiff will be granted 30 days to file an amended complaint that incorporates all of plaintiff's allegations.  In the alternative, if plaintiff wishes to proceed on his original complaint without his supplemental pleadings, plaintiff will be granted 10 days leave to file a declaration, notifying the court of his wishes and withdrawing his supplemental pleadings.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's November 17, 2006 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's November 17, 2007 complaint and March 20, 2007 supplemental pleadings are dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice. In the alternative, if plaintiff wishes to proceed on his original complaint without his supplemental pleadings, plaintiff is granted 10 days to file a declaration, notifying the court of his wishes and withdrawing his supplemental pleadings.

DATED: June 15, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
poon2582.14a