IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERT POON,

        Plaintiff,                 No. CIV S-06-2582 FCD DAD P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.            FINDINGS & RECOMMENDATIONS
_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  Before the court is plaintiff's motion for a preliminary injunction.

        The legal principles applicable to a request for injunctive relief are well established.  To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of

irreparable injury." Id.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

Here, plaintiff seeks an preliminary injunction, ordering the California Department of Corrections and Rehabilitation and its officers not to double-cell plaintiff with other inmates during the pendency of this lawsuit. (Mot. at 1.)  Plaintiff's accompanying affidavit alleges "I truly and firmly believe I am again placed in the similar situation that led to my hospitalization, and would likely suffer another attack, which clearly will be irreparable and unnecessary injury, but easily preventable by an Order prohibiting the California Department of Corrections and Rehabilitations and it its officers from double-celling me."  (Aff. at 1-2.)

The court will recommend denying plaintiff's motion without prejudice.  Plaintiff's motion is premature.  No defendants have been served at this time and thus have not been provided an opportunity to respond to plaintiff's allegations.  Moreover, plaintiff has failed to demonstrate that he will suffer irreparable harm if the requested relief is not granted.  The panic attack plaintiff refers to in his affidavit occurred two years ago at a different prison with a different cellmate.  There is no evidence that plaintiff faces the real and immediate threat of a similar injury at CSP-Solano where he is currently confined.  Speculative injury does not constitute irreparable harm.  See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's November 29, 2006 motion for a preliminary injunction be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 15, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
poon2582.48